## CABLE-VISION, Inc. v. STATE, et al.

No. 70-1397.

Circuit Court, Leon County.

November 20, 1970.

Julius F. Parker, Jr. of Parker, Foster & Madigan, Tallahassee, for the plaintiff.

Earl Faircloth, Attorney General, and Roger W. Foote, Assistant Attorney General, for the defendants.

18

BEN C. WILLIS, Circuit Judge.

*Final judgment on the pleadings:* This cause came on for hearing on the motion of the plaintiff, Cable-Vision, Inc., for judgment on the pleadings. Counsel for all parties were present and heard, and upon consideration thereof the court finds as follows —

Plaintiff's counsel alleges that the 1965 Florida legislature enacted chapter 65-1927, Laws of Florida, a copy of which was attached to the complaint. That Act purported to grant to plaintiff a thirty year franchise for the furnishing of community antenna television services throughout Monroe County. The complaint further alleges that plaintiff, acting in reliance on the legislative act of 1965, entered into certain agreements with third parties to establish operation of a cable-vision system and expended substantial sums of money in the acquisition of fixtures and equipment for the maintenance of such a system. The complaint alleges that plaintiff, since the granting of the franchise, has complied with the provisions thereof and has continually operated a cable-vision system in Monroe County.

The complaint further alleges that the 1969 legislature of the state of Florida enacted chapter 69-1316, Laws of Florida, Special Acts of the 1969 legislature, a copy of which was attached to the complaint, which Act purported to repeal the franchise previously granted by the 1965 legislature and to repeal chapter 65-1927, Laws of Florida.

The complaint, based on the foregoing facts, alleges that chapter 69-1316, Laws of Florida, therefore attempts to abridge the contractual right which arose when the plaintiff acted in reliance on the franchise granted by chapter 65-1927, Laws of Florida, and seeks a judgment that the 1969 Act is, therefore, unconstitutional, null and void.

The Attorney General, representing both the state of Florida and Monroe County, has admitted all the material allegations of the complaint and has likewise prayed that the 1969 Act be held unconstitutional and has furnished to the court a memorandum of law supporting that position.

In view of the foregoing, and the premises having been considered, it is thereupon ordered, adjudged and decreed that chapter 69-1316, Laws of Florida, is an attempt to repeal a valid franchise granted previously by the legislature in chapter 65-1927, Laws of Florida, and abridging contractual rights in violation of both the federal and Florida constitutions, and is, therefore, unconstitutional, null and void, and of no force and effect.